IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER CORWIN,　　　　　　　　　　Case No. 3:18-cv-01972-JR

　　　　　Plaintiff,　　　　　　　　　　　　**ORDER TO AMEND**

　　v.

CHRISTOPHER COWAN, et al.,

　　　　　Defendants.

_____

RUSSO, Magistrate Judge:

Plaintiff, a pretrial detainee at the Columbia County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court are plaintiff's Complaint (ECF No. 2) and Motion to Amend (ECF No. 9). For the reasons set forth below, this Court orders plaintiff to file an amended complaint and denies as moot his Motion to Amend.

**STANDARDS**

In order to state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a plausible inference that the defendants violated the plaintiff's constitutional rights. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556-57 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the

1 - ORDER TO AMEND

court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678 (internal quotations omitted). Plaintiff is proceeding *pro se*, and therefore this Court construes the pleadings liberally and affords plaintiff the benefit of any doubt. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## DISCUSSION

Plaintiff alleges that on June 10, 2018, Oregon State Troopers Christopher Cowen and Dylan Kean[1] used excessive force against him and "abused their power as cops." Pl.'s Compl. (ECF No. 2) at 4-5, 12. Plaintiff also alleges that Defendants searched and seized his cell phone without a warrant. Id. at 5. Plaintiff seeks money damages for counseling, medical treatment, and mental anguish. Id. Plaintiff does not allege whether defendants used excessive force in the course of his arrest, or whether he has been charged with an offense arising out of his altercation with defendants and/or involving the search of his cell phone. Consequently, plaintiff has failed to allege facts sufficient to enable this Court to determine whether it must abstain from exercising jurisdiction.

If plaintiff *is awaiting trial* on charges involving his altercation with defendants (for instance resisting arrest or assaulting a public safety officer) or the alleged search of his cell phone, this Court must determine whether to abstain from exercising jurisdiction. Absent extraordinary circumstances, this Court may not interfere with a pending state criminal proceeding that implicates important state interests. ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 758 (9th Cir. 2014) (citing Younger v. Harris, 401 U.S. 37, 43-54 (1971)). Abstention is

---

[1] This Court uses the spelling of the defendants' names used in plaintiff's Complaint, rather than that provided in his Motion to Amend (ECF No. 9). If plaintiff files an Amended Complaint, he may correct the spelling of the defendants' names in that pleading.

appropriate when (1) there is an ongoing state proceeding; (2) the proceeding is criminal or quasi-criminal; (3) the proceeding implicates an important state interest; (4) there is an adequate opportunity to raise the federal challenge in the state proceeding; and (5) the requested relief would enjoin the state proceeding or have the practical effect of enjoining the proceeding. ReadyLink Healthcare, Inc., 754 F.3d at 758; Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018). A federal court will not invoke Younger "if there is a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" Averalo v. Hennessy, 882 F.3d 763, 765-66 (9th Cir. 2018) (quoting Middlesex Cty. Ethics Comm'n V. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982)). The Younger abstention doctrine also does not apply when there is a danger of irreparable loss that is both great and immediate. Id. at 766. Based on the sparse allegations of plaintiff's Complaint, it appears to the Court that abstention is appropriate in this case.

On the other hand, if plaintiff *has been tried and convicted* of an offense involving his altercation with defendants or the search of his cell phone, plaintiff fails to state a claim if his Fourth Amendment claims implicate the legality of his conviction. In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that in order to recover damages for harm "caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." When applying this rule, a court considers "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487; see Byrd v. Phoenix Police Dep't, 885 F.3d 639, 643-45 (9th Cir. 2018) (excessive force claim did not

3 - ORDER TO AMEND

implicate legality of the plaintiff's guilty plea to the charge of conspiracy to commit possession of a dangerous drug).

In sum, plaintiff has failed to allege sufficient facts to permit this Court to determine whether it must abstain from exercising jurisdiction or dismiss his claims on the basis that they implicate the legality of his convictions. Accordingly, this Court orders plaintiff to file an amended complaint, within thirty days of the date of this Order, re-alleging his Fourth Amendment claims and identifying the nature of the offenses for which he currently is incarcerated, whether any of the offenses arose out of his altercation with defendants or the search of his phone, whether the charges remain pending, and the damage he suffered from the use of excessive force *and* the search and seizure of his cell phone. Further, if plaintiff has been tried and convicted, plaintiff shall identify the nature of the offenses and whether his convictions have been reversed or otherwise invalidated by a state or federal court.

## CONCLUSION

Based on the foregoing, plaintiff shall file an amended complaint, within thirty days of the date of this Order, curing the deficiencies noted above. The amended complaint will operate as a complete substitute for plaintiff's original Complaint. Plaintiff is advised that the failure to file an amended complaint may result in the dismissal of this proceeding.

Further, this Court DENIES AS MOOT plaintiff's Motion to Amend (ECF No.9) to correct the spelling of defendants' names. If Plaintiff files an amended complaint, he may correct the spelling of the defendants' names in that pleading.

IT IS SO ORDERED.

DATED this 28th day of December, 2018.

                                                /s/ Jolie A. Russo
                                               JOLIE A. RUSSO
                                               United States Magistrate Judge