IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHRISTOPHER CORWIN, | Case No. 3:18-cv-01972-JR |
| Plaintiff, | **ORDER** |
| v. | |
| CHRISTOPHER COWAN, et al., | |
| Defendants. | |

MOSMAN, J.,

Plaintiff, an inmate at Columbia County Jail, brings this civil rights action against Oregon State Troopers Christopher Cowen and Dylan Kean alleging that they used excessive force against him and seized his cell phone without a warrant in violation of the Fourth Amendment to the U.S. Constitution. Currently before the Court is Plaintiff's Motion for Preliminary Injunction (ECF No. 8). Plaintiff seeks an injunction compelling jail officials to "release" all of his "mail and books" sent to the jail by the U.S. Postal Service. Plaintiff also complains that jail officials returned a book sent to him by the publisher titled "Prisoner Litigation Manual."

A plaintiff seeking a preliminary injunction must establish that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the

Page 1 – ORDER

balance of equities tip in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015); *Ass'n des Eleveurs de Canards et d'oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013). In the Ninth Circuit, a plaintiff also may obtain injunctive relief if there are serious questions going to the merits, the balance of hardships tip sharply toward the plaintiff, and the remaining two *Winter* factors are satisfied. *A Woman's Friend Pregnancy Res. Clinic v. Becerra*, No. 15-17517, 2018 WL 4090700, at *1 (9th Cir. 2018). If the plaintiff fails to demonstrate a likelihood of success on the merits or serious questions going to the merits, the court need not address the remaining factors. *Garcia*, 786 F.3d at 740. Where, as here, the plaintiff seeks a mandatory injunction which goes beyond maintaining the *status quo*, he must demonstrate that the facts and law clearly favor an injunction. *Garcia*, 786 F.3d at 740; *see also Am. Freedom Def. Initiative v. King Cty.*, 796 F.3d 1165, 1173 (9th Cir. 2015) (mandatory injunctions are disfavored and will not be entered in doubtful cases).

A plaintiff seeking preliminary injunctive relief also must demonstrate a sufficient nexus between the injury claimed in the motion and the conduct asserted in the underlying complaint. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). "The relationship . . . is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally." *Id.* (quotation marks omitted). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.*; *see Saddiq v. Ryan*, 703 F. App'x 570, 572 (9th Cir. 2017) (affirming denial of preliminary injunction because prisoner did not establish a sufficient nexus between retaliation claims in his motion and the claims set forth in his underlying complaint). Further, a federal court "may not attempt to determine the rights of parties not before the court." *Zepeda v. U.S. Immigration Serv.*, 753 F.2d 719, 727 (9th

Page 2 – ORDER

Cir. 1985); *Kindred v. Bigot*, 727 F. App'x . 427, 428 (9th Cir. 2018).

This Court denies Plaintiff's Motion for a Preliminary Injunction (ECF No. 8) because Plaintiff seeks to enjoin jail officials who are not parties to this action based on conduct unrelated to Plaintiff's claims for relief. Further, as set forth by Magistrate Judge Jolie Russo in her Order to Amend, it is unclear from Plaintiff's Complaint whether this Court must abstain from exercising its jurisdiction pursuant to the Supreme Court's holding in *Younger v. Harris*, 401 U.S. 37 (1971), or whether Plaintiff's Fourth Amendment claims are premature pursuant to the reasoning in *Heck v. Humphrey*, 512 U.S. 477 (1994). In light of these issues, and Plaintiff's complete failure to address the factual basis of his claims for relief, Plaintiff has failed to demonstrate a likelihood of success on the merits.

## CONCLUSION

Based on the foregoing, this Court DENIES Plaintiff's Motion for Preliminary Injunction (ECF No. 8).

IT IS SO ORDERED.

DATED this 3 day of December, 2018.

MICHAEL W. MOSMAN
Chief United States District Judge