IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER CORWIN,

    Plaintiff,

v.

CHRISTOPHER COWAN, et al.,

    Defendants.

Case No. 3:18-cv-01972-JR

**ORDER OF DISMISSAL**

MOSMAN, J.,

Plaintiff Christopher Corwin brings this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is plaintiff's Amended Complaint (ECF No. 14).

### STANDARDS

In order to state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a plausible inference that the defendants violated the plaintiff's constitutional rights. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556-57 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). "A pleading

that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678 (internal quotations omitted). Plaintiff is proceeding *pro se*, and therefore this Court construes the pleadings liberally and affords plaintiff the benefit of any doubt. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## DISCUSSION

Plaintiff brings this action against Oregon State Police troopers Christopher Cowen ("Cowen"), Dylan Kean ("Kean"), and Luther Schwartz ("Schwartz"). Pl.'s Am. Compl. at 2-3. Plaintiff alleges that (1) defendants subjected him to excessive force in violation of the Fourth and Eighth Amendments; and (2) "law enforcement" conducted an unlawful search of his cell phone in violation of the Fourth Amendment. Id. at 3, 12-13.

### I. Excessive Force

Plaintiff alleges that defendants stopped a car in which he was a passenger. Id. at 12-13. Plaintiff alleges that he asked Cowen whether he was under arrest and Cowen failed to respond. Id. at 13. Plaintiff allegedly started walking away from the scene, because the traffic stop was made to arrest his brother, and the defendants violently threw him to the ground, assaulted him, held his face in a "pool of water," and tased him. Id. at 13-14.

Plaintiff does not allege whether criminal charges arising out of this altercation are pending in state court. However, in a letter submitted in response to the Court's Order to Amend (ECF No. 11), plaintiff attached an indictment charging him with the following offenses against Cowen and Kean: Assaulting a Public Safety Officer (two counts), Attempted Aggravated Harassment, Resisting Arrest, Menacing (two counts), and Giving False Information to a Peace Officer. Pl.'s Resp. (ECF No. 18) at 2-4. Additionally, plaintiff was charged with assaulting, harassing, and menacing two emergency service providers during the same incident. Id. at 4-5.

Based on the foregoing, this Court concludes that it must abstain from exercising jurisdiction over plaintiff's excessive force claim because there are pending charges in state court arising out of his altercation with defendants. Absent extraordinary circumstances, this Court may not interfere with a pending state criminal proceeding that implicates important state interests. ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 758 (9th Cir. 2014) (citing Younger v. Harris, 401 U.S. 37, 43-54 (1971)). Abstention is appropriate in the instant proceeding because (1) there is an ongoing state proceeding; (2) the proceeding is criminal; (3) the proceeding implicates the important state interest of prosecuting individuals who break state criminal laws; (4) plaintiff has an adequate opportunity to raise his federal challenge in the state proceeding; and (5) granting monetary relief against the defendants for the use of excessive force would have the practical effect of enjoining the state proceeding. See ReadyLink Healthcare, Inc., 754 F.3d at 758. Further, plaintiff has made no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. See Arevalo v. Hennessy, 882 F.3d 763, 765-66 (9th Cir. 2018).

## II. Unlawful Search

Plaintiff alleges that his cell phone fell out of his pocket during the altercation with defendants. Pl.'s Am. Compl. at 12. Plaintiff does not allege who took his cell phone, but in his letter to the Court he states that Trooper Schwartz confiscated it. Pl.'s Resp. at 1. Plaintiff alleges that "law enforcement" went on a "fishing expedition" on his cell phone as evidenced by the fact that when his phone was returned one month after his arrested, it was fully charged despite being almost dead when he was arrested. Pl.'s Am. Compl. at 12-13, 15. Plaintiff alleges that the search of his cell phone is unrelated to his criminal charges. Id. at 12.

///

///

Page 3 – ORDER OF DISMISSAL

A warrant generally is required before law enforcement officials may search a cell phone that was seized incident to an arrest. Riley v. California, 573 U.S. 373, 401 (2014). In the instant proceeding, plaintiff has failed to allege any facts to support a reasonable inference that the named defendants searched his phone. Rather, plaintiff alleges only that "law enforcement" searched his phone. Pl.'s Am. Compl. at 12. In order for a defendant to be liable under 42 U.S.C. § 1983, he or she must have personally participated in the alleged constitutional violation. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff has alleged no facts to support a reasonable inference that any of the defendants were personally involved in the search of his cell phone. Accordingly, plaintiff has failed to state a claim.

## CONCLUSION

Based on the foregoing, this Court dismisses plaintiff's Amended Complaint as to his Fourth Amendment claim for the unlawful search of his cell phone. This Court abstains from exercising jurisdiction over plaintiff's excessive force claim and therefore stays that claim. See Rhoden v. Mayberg, 361 F. App'x 895, 896 (9th Cir. 2010) (holding that when district court abstains from exercising jurisdiction, it should stay rather than dismiss claim for money damages); Gilbertson v. Albright, 381 F.3d 965, 981-82 (9th Cir. 2004) (same).

Plaintiff may file a second amended complaint, within thirty days of the date of this Order, realleging his Fourth Amendment claim for the unlawful search of his cell phone. Plaintiff must allege facts to support a reasonable inference that one or more of the defendants were personally involved in the alleged constitutional violation. The second amended complaint will operate as a complete substitute for plaintiff's prior complaints.

///

Plaintiff is not given leave to reallege his excessive force claim because this Court abstains from exercising jurisdiction over it. Plaintiff is advised that the failure to file a second amended complaint will result in the dismissal of this proceeding.

IT IS SO ORDERED.

DATED this 24 day of May, 2019.

Michael W. Mosman
Chief United States District Judge